UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                             :

JANE DOE,                                :

                            :

               Plaintiff,          :

                            :           21 Civ. 279 (JPC)

         -v-                     :

                            :        OPINION AND ORDER

239 PARK AVENUE SOUTH ASSOCIATES, LLC,  :
*doing business as* BIG DADDY'S *et al.*,    :

                            :

               Defendants.       :

                            :
--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff, a former food services employee at a Manhattan restaurant, brought this case alleging various claims of discrimination in the course of her employment.  On October 4, 2021, as various motions were pending including one to compel arbitration, Plaintiff voluntarily dismissed her action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Dkt. 55. Defendants 239 Park Avenue South Associates, Branded Restaurant Foods LLC, Branded Restaurants USA, Charles Allenbaugh, Dean Palin, Michael Schatzberg, and James Frischling (the "Moving Defendants")[1] subsequently moved for an order (1) dismissing the case pursuant to Federal Rule of Civil Procedure 41(a)(2) and (2) imposing sanctions against Plaintiff and her counsel pursuant to Rule 11, Rule 41(a)(2), 28 U.S.C. § 1927, and/or the Court's inherent power to impose sanctions.  Dkts. 59-61.[2]  For the reasons that follow, the motion is denied.

---

[1] Defendant Branded Restaurant Hospitality Group never appeared in this action.

[2] The Moving Defendants additionally sought sanctions pursuant to Rule 41(d), *see* Dkt. 60 ("Motion") at 3, but subsequently withdrew that portion of their motion, *see* Dkt. 65 ("Reply") at 8.

# I.    Background

Plaintiff alleges that while employed by Defendants as a "hostess/bartender" at Big Daddy's restaurant at 239 Park Avenue South in Manhattan, Dkt. 1 ("Compl.") ¶¶ 12-13, Defendants "subject[ed] Plaintiff to discrimination on the basis of her sex/gender," "subject[ed] Plaintiff to sexual harassment, and caus[ed] a hostile work environment," *id.* ¶ 116.  She further alleges that Defendants unlawfully retaliated against her and "blatant[ly] fail[ed] to act upon Plaintiff's complaint of sexual harassment – to her supervisor – [causing her to be] sexually assaulted while at her place of employment." *Id.* ¶¶ 98, 121.  On or about March 25, 2020, Plaintiff submitted a charge with the Equal Employment Opportunity Commission.  *Id.* ¶ 4.  After waiting several months, on October 12, 2020, she formally requested a right-to-sue letter.  Dkt. 61 ("Brown Declaration"), Exh. B at 1.  That same day, counsel for Defendants provided Plaintiff with a copy of an arbitration agreement that the parties had executed as part of Plaintiff's employment contract, and informed Plaintiff of their position that she was required to litigate her claims in arbitration.  Brown Declaration, Exh. C at 1; *see also* Dkt. 52-1 ("Arbitration Agreement").  Plaintiff briefly appeared to agree, and her counsel served Defendants with a formal notice of her intent to arbitrate on January 8, 2021.  Brown Declaration, Exh. F at 1.  However, she soon had a change of heart.  Two days later, Plaintiff's counsel informed Defendants that she would instead be challenging the enforceability of the Arbitration Agreement based on New York Civil Practice Laws and Rules ("N.Y. C.P.L.R.") section 7515, which, she argued "prohibit[s] employers from requiring individuals to arbitrate sexual harassment claims."  Brown Declaration, Exh. G at 1.  Accordingly, on January 12, 2021, Plaintiff anonymously filed her Complaint against Defendants alleging

violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Administrative Code of the City of New York, and New York state law.  Compl. ¶ 1.

On June 1, 2021, Defendants served Plaintiff with a Rule 11 safe harbor notice.  Brown Declaration, Exh. H.  Thereafter, Defendants sought leave to move to compel Plaintiff to arbitrate her claims, citing the Arbitration Agreement and objecting to Plaintiff's proceeding under a pseudonym.  Dkt. 38.  On September 13, 2021, the parties submitted cross-motions: Plaintiff moved to continue proceeding anonymously as "Jane Doe" (the "Motion to Proceed Anonymously"); Defendants moved to compel arbitration and for sanctions (the "Motion to Compel").  Dkts. 48-53.  On October 4, 2021, Defendants filed an opposition brief to the Motion to Proceed Anonymously.  Dkt. 54.  Rather than opposing the Motion to Compel, however, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Dkt. 55.  In a subsequent letter, Plaintiff explained that she voluntarily dismissed this action and refiled it in state court because "[a]fter further research and consideration, Plaintiff believes there is a strong likelihood of success in state court."  Dkt. 58 at 2.

The Moving Defendants now ask the Court to levy sanctions on Plaintiff and her counsel, Derek Smith Law Group PLLC ("DSLG").  They argue that DSLG committed sanctionable conduct in filing Plaintiff's Complaint and her Motion to Proceed Anonymously given that Plaintiff had no valid legal basis to contest the validity of the Arbitration Agreement or to keep her identity confidential from the public record.  Motion at 1.  In addition, the Moving Defendants contest the validity of Plaintiff's dismissal pursuant to Rule 41(a)(1)(A)(i) and instead ask the Court to order dismissal with sanctions "setting forth the terms and conditions it deems proper" pursuant to Rule 41(a)(2).  *Id.* at 17.  Plaintiff filed her opposition on November 19, 2021, Dkt. 64 ("Opposition"), and the Moving Defendants replied on December 2, 2021, *see* Reply.

## II.      Discussion

The Moving Defendants ask the Court to sanction Plaintiff and her counsel pursuant to Rules 11 and 41(a)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent power.  Motion at 3.  The Court addresses each in turn.

### A.  Rule 11

#### 1.  Legal Standard

Rule 11 requires an attorney to certify that (1) a pleading or motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b).   Under Rule 11, a party must move for sanctions separately from any other motion.  Fed. R. Civ. P. 11(c)(2).  Prior to filing a Rule 11 motion with the court, the moving party must also serve the motion on the adverse party, after which it must give the adverse party twenty-one days to "withdraw[] or appropriately correct[]" "the challenged paper, claim, defense, contention, or denial." *Id.*  The requirement that the adverse party be afforded twenty-one days to remediate or withdraw the allegedly sanctionable filing is commonly known as Rule 11's safe harbor provision and is a "strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

Where a party has complied with the safe harbor requirements, sanctions are appropriate against the adverse party only upon "a showing of objective unreasonableness on the part of the

4

attorney or client signing the papers.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009) (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997)); *see also Star Mark Mgmt., Inc.*, 682 F.3d at 177 ("The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." (internal quotation marks and modifications omitted)).   A pleading or motion "violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Manhattan Enter. Grp., LLC v. Higgins*, No. 18 Civ. 6396 (VSB), 2019 WL 4601524, at *2 (S.D.N.Y. Sept. 22, 2019) (internal quotation marks omitted), *aff'd*, 816 F. App'x 512 (2d Cir. 2020).   However, Rule 11 "must be read in light of concerns that it will . . . chill vigorous advocacy." *Weinraub v. Glen Rauch Sec., Inc.*, 399 F. Supp. 2d 454, 460 (S.D.N.Y. 2005) (ellipsis in original) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).   Therefore, sanctions are appropriate under Rule 11 only "where it is patently clear that a claim has absolutely no chance of success." *Id.* (quoting *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994)) (internal quotation marks omitted).   "[A]ll doubts must be resolved in favor of the signer of the pleading." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 308 (S.D.N.Y. 2005) (citing *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993)).

Even if a court finds a Rule 11 violation, "sanctions under Rule 11 are discretionary, not mandatory." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012); *see also Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("The decision whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion."); *Microbot Med., Inc. v. All. Inv. Mgmt. Ltd.*, No. 19 Civ. 3782 (GBD) (RWL), 2020 WL 5755061, at *12 (S.D.N.Y. Aug. 18, 2020), *report and recommendation adopted*, 2020 WL

5600852 (S.D.N.Y. Sept. 17, 2020) (finding that the plaintiff's conduct was objectively unreasonable but declining to impose sanctions because "sanctions are reserved for 'extreme cases' and 'extraordinary circumstances'"); *Optimus Commc'ns v. MPG Assocs., Inc.*, 841 F. Supp. 2d 722, 726 (E.D.N.Y. 2012) (finding that the plaintiff's "claims and legal contentions are objectively unreasonable" but declining to impose sanctions because "the decision whether to impose sanctions is not mandatory, but rather is a matter for the court's discretion").

Federal courts retain jurisdiction to decide a Rule 11 motion even where a plaintiff voluntarily dismisses her action pursuant to Rule 41(a)(1)(A)(i). *See Fisher Bros. Sales, Inc. v. United Trading Co. Desarrollo y Comercio S.A.*, No. 85 Civ. 7502 (MJL), 1987 WL 10391, at *2 (S.D.N.Y. Apr. 28, 1987) ("Rule 11 and Section 1927 sanctions are not outcome oriented but rather assess the conduct of attorneys and litigants in instituting and continuing meritless litigation.").

### 2. Analysis

As an initial matter, the Court finds that the Moving Defendants have complied with the requirements under Rule 11's safe harbor provision with respect to Plaintiff's Complaint and Motion to Proceed Anonymously. On June 1, 2021, Defendants served via email their Rule 11 notice on Plaintiff's counsel. *See* Brown Declaration, Exh. H. Plaintiff thereafter did not withdraw her Complaint or her Motion to Proceed Anonymously within twenty-one days of that service. The Court therefore turns to the merits of the Moving Defendants' request for Rule 11 sanctions.

#### a. Plaintiff's Complaint

The Moving Defendants argue that Plaintiff and DSLG violated Rule 11 by filing the Complaint without a valid basis to contest the applicability of the Arbitration Agreement which they argue requires Plaintiff to litigate her claims in arbitration. Motion at 9. Plaintiff and DSLG

on the other hand maintain that the Arbitration Agreement is inapplicable to her discrimination claims pursuant to N.Y. C.P.L.R. section 7515.  Opposition at 2.

To start, "[t]he mere existence of an arbitration clause in a contract will not necessarily preclude an action at law."  *Optimus Commc'ns*, 841 F. Supp. 2d at 726.  Rather, the Court must first answer two legal questions: (1) did the parties agree to arbitrate and (2) if so, what is the scope of their arbitration agreement?  *See Starke v. Squaretrade, Inc.*, No. 16 Civ. 7036 (NGG), 2017 WL 3328236, at *5 (E.D.N.Y. Aug. 3, 2017), *aff'd*, 913 F.3d 279 (2d Cir. 2019).  "In other words, a party . . . may challenge the existence or enforceability of an arbitration agreement, *or may challenge the applicability of such an agreement to the claims at issue*."  *Bezek v. NBC Universal*, No. 17 Civ. 1087 (JCH), 2018 WL 2337131, at *14 (D. Conn. May 23, 2018) (emphasis added), *aff'd*, 770 F. App'x 599 (2d Cir. 2019); *see also Sinavsky v. NBCUniversal Media, LLC*, No. 20 Civ. 9175 (JPC), 2021 WL 4151013, at *5-6 (S.D.N.Y. Sept. 13, 2021).  In deciding to bring the Complaint, instead of proceeding in arbitration, Plaintiff did just that: she challenged the applicability of the Arbitration Agreement to her claims.  Her argument, in sum, is that the Arbitration Agreement does not cover her discrimination claims because it is unenforceable pursuant to N.Y. C.P.L.R. section 7515.  Opposition at 2.  Section 7515 provides, *inter alia*, that "[e]xcept where inconsistent with federal law, the provisions of [a mandatory arbitration clause to resolve an allegation or claim of discrimination] shall be null and void."  N.Y. C.P.L.R. § 7515(b)(iii) (McKinney 2022).  Accordingly, Plaintiff argues, the existence of the Arbitration Agreement alone cannot render her Complaint objectively unreasonable and frivolous so as to violate Rule 11.  Opposition at 4-5.

The Moving Defendants disagree; they argue that Plaintiff had no valid basis to contest the applicability of the Federal Arbitration Act (the "FAA") to the Arbitration Agreement.  Motion at

9-10.  This argument presumably relies on the inconsistency with the federal law exception to N.Y.

C.P.L.R. section 7515's prohibition.  Plaintiff responds by citing to a lone New York Supreme

Court case, *Newton v. LVMH Moët Hennessy Louis Vuitton Inc.*, No. 154178/2019, 2020 WL

3961988 (N.Y. Sup. Ct. July 10, 2020), to argue that section 7515 controls in cases such as hers

where the discrimination claims "cannot reasonably be characterized as . . . concerning or arising

out of a transaction involving commerce" and where the "case involves purely intrastate activity."

Opposition at 3 (internal quotation marks omitted) (quoting *Newton*, 2020 WL 3961988, at \*4).[3]

Were this a motion to compel arbitration, the Court would likely be obligated to opine on

the applicability of section 7515 to the Arbitration Agreement and evaluate the reasoning of

*Newton*.  But that is not the question before the Court.  Before the Court is simply whether

Plaintiff's reliance on this legal argument in filing her Complaint was so frivolous as to violate

Rule 11.  Rule 11 provides room for litigants to make "nonfrivolous argument[s] for extending,

modifying, or reversing existing law . . . ."  Fed. R. Civ. P. 11(b)(2).  Notably, the Second Circuit

has yet to specifically address the question of whether the FAA preempts section 7515.  *See*

*Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 145 (2d Cir. 2021) (holding that section 7515's

---

[3] The Moving Defendants make much of the fact that Justice Louis L. Nock's decision in *Newton* was subsequently reversed on other grounds.  *See, e.g.*, Motion at 10 & n.5, 22; Reply at 4.  This argument misses the mark.  First, the Appellate Division merely held that section 7515 was not "retroactively applicable to arbitration agreements, like the one at issue, that were entered into preceding the enactment of the law in 2018."  *Newton v. LVMH Moet Hennessy Louis Vuitton Inc.*, 140 N.Y.S.3d 699, 700 (App. Div. 2021).  The court explicitly declined to reach the ultimate preemption issue.  *See id.* ("Accordingly, we need not resolve defendant's further contention that the Federal Arbitration Act . . . is inconsistent with and therefore displaces CPLR 7515 to the extent it prohibits outright a specific type of claim.").  But even if the lower court had been reversed on the merits, this Court could still rely on Justice Nock's analysis as persuasive authority, since "[p]reemption is an issue of federal law and this Court is not bound by state court decisions." *Gravatt v. City of New York*, No. 97 Civ. 354 (RWS), 1998 WL 171491, at \*13 (S.D.N.Y. Apr. 10, 1998); *see also Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 388 (1986) ("Pre-emption, the practical manifestation of the Supremacy Clause, is always a federal question.").

8

savings clause necessarily raises a federal question for the purposes of section 1331 federal question jurisdiction, but explicitly declining to address whether section 7515 is preempted by the FAA). *But see Gilbert v. Indeed, Inc.*, 513 F. Supp. 3d 374, 395-401 (S.D.N.Y. 2021) (concluding that the FAA preempts section 7515); Reply at 3-4 (collecting additional district court cases).

In sum, it is not "patently clear" that Plaintiff's claims would have had "absolutely no chance of success under the existing precedents." *Sorenson v. Wolfson*, 683 F. App'x 33, 35 (2d Cir. 2017) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)); *see also Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) ("The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable."); *Trustees of Columbia Univ. v. Local 1199, Drug, Hosp. & Health Care Emps. Union*, 805 F. Supp 216, 221 (S.D.N.Y. 1992) (denying the defendant's motion for sanctions because the plaintiff's "argument that it is not bound to arbitrate its claim . . . was supported by a colorable interpretation of the [Arbitration] Agreement, and therefore was not frivolous."). Accordingly, the Court declines to find a Rule 11 violation in the filing of Plaintiff's Complaint.

### b. The Motion to Proceed Anonymously

The Moving Defendants also argue that Plaintiff's Motion to Proceed Anonymously was so objectively unreasonable as to violate Rule 11. Motion at 10-11. The Court disagrees.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). While there is a presumption that a plaintiff will proceed under her own name, *see United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam) ("[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party

must make a case rebutting that presumption."), the Second Circuit has directed district courts to consider ten factors in balancing these competing interests, *see id.* at 42 (citing *Sealed Plaintiff*, 537 F.3d at 189-90) (reciting the factors).

To find that the Motion to Proceed Anonymously survives Rule 11, the Court need not engage in a full balancing analysis of all those factors. Instead, it is sufficient that some of the factors plausibly weigh in Plaintiff's favor. Factor one, which considers "whether the litigation involves matters that are highly sensitive and of a personal nature," *id.*, certainly would be implicated in this case given the allegations of sexual assault contained in Plaintiff's Complaint. *Cf., e.g., Be v. Comcast Corp.*, No. 20 Civ. 8571 (JPC), 2021 WL 694556, at *1 (S.D.N.Y. Feb. 23, 2021) (permitting the plaintiff to proceed anonymously in part because "[w]ith regard to the first factor, this case entails highly sensitive and personal matters involving Plaintiff's daughter's mental health"). In addition, factor ten, which considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff," *Pilcher*, 950 F.3d at 42, plausibly could weigh in Plaintiff's favor given that the availability of arbitration can be insufficient to demonstrate that a motion to proceed anonymously in federal court is objectively unreasonable, *see HTG Cap. Partners, LLC v. Doe*, No. 15 Civ. 2129, 2016 WL 612861, at *9 (N.D. Ill. Feb. 16, 2016) (compelling arbitration but granting the defendants' motion to proceed anonymously "as to this federal action").

Balancing tests, by their very nature, require case-specific determinations, and the decision whether to allow a party to proceed anonymously is within the sound discretion of the district court. *Sealed Plaintiff*, 537 F.3d at 190. While the Court does not suggest that Plaintiff's Motion to Proceed Anonymously would have been granted had it been fully briefed, the Court can plausibly envision arguments in favor of that motion, such that bringing it was not frivolous or

objectively unreasonable within the meaning of Rule 11.   Plaintiff's Motion to Proceed Anonymously therefore also did not violate Rule 11.

### c. Other Rule 11 Considerations

Even if either Plaintiff's Complaint or her Motion to Proceed Anonymously did violate Rule 11(b), the Court would still exercise its discretion and decline to impose sanctions. *See Ipcon Collections LLC*, 698 F.3d at 63 (explaining that even if a Rule 11(b) violation has occurred, "sanctions under Rule 11 are discretionary, not mandatory").

Here, no "extraordinary circumstances" are present to warrant Rule 11 sanctions. *Microbot Med.*, 2020 WL 5755061, at *12.  To be sure, the Court understands the Moving Defendants' frustration.  Plaintiff appears to have changed her position as to whether she was willing to arbitrate. *See* Brown Declaration, Exhs. F at 1, G at 1.  And the Court certainly does not applaud DSLG's decision to voluntarily withdraw Plaintiff's lawsuit, without prior notification to Defendants, *on the same day* her opposition to the Motion to Compel was due.  Counsel is advised to avoid similar conduct going forward.  But ultimately, the Court does not believe that this is an "extreme case[]" for which Rule 11 sanctions are generally reserved. *Microbot Med.*, 2020 WL 5755061, at *12; *see also Optimus Commc'ns*, 841 F. Supp. 2d at 726 ("Rule 11 sanctions should be 'made with restraint' . . . ." (quoting *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999))).

The Court is also not persuaded by the Moving Defendants' argument that Plaintiff's conduct evinces a failure to conduct a reasonable inquiry.  Motion at 11.  The Moving Defendants fail to provide any support for this contention apart from conclusory statements.  In fact, one of the Moving Defendants' exhibits arguably supports an inference that DSLG conducted a reasonable inquiry prior to commencing this suit.  Prior to filing the Complaint, on January 12,

2021, DSLG sent Defendants' counsel an email detailing Plaintiff's position as to why she decided not to proceed directly to arbitration, including a citation to supporting caselaw (*i.e.*, *Newton*).  *See* Brown Declaration, Exh. G.  This communication demonstrates that DSLG took time to consider the merits of Plaintiff's case prior to initiating this litigation.

As to the Moving Defendants' contention that they wasted resources moving to compel arbitration and opposing the Motion to Proceed Anonymously, the Court is sympathetic but ultimately unmoved.  While the Court agrees that the timing of Plaintiff's voluntary dismissal did not reflect the level of professional courtesy to which attorneys should aspire, Plaintiff was within her rights to dismiss the case at that time.  Moreover, by the Moving Defendants' own admission, they spent only a mere "several hours" opposing the Motion to Proceed Anonymously.  Motion at 12; *see also Appel v Hayut*, No. 20 Civ. 6265 (JPC), 2022 WL 214450, at *5 (S.D.N.Y. Jan. 25, 2022) (declining to impose Rule 11 sanctions because, *inter alia*, the defendant's superfluous "memorandum of law in support of dismissal was . . . not a filing that should have consumed considerable time").

Lastly, Moving Defendants repeatedly accuse Plaintiff of "forum shopping," arguing that "[t]his is the epitome of bad faith and leaves no doubt that Plaintiff and her counsel failed to conduct the appropriate investigation into and/or purposely ignored applicable facts and law."  Motion at 12.  "A party's pursuit of a preferred forum, however, is rarely held sanctionable."  *Black v. Ganieva*, No. 21 Civ. 8824 (PAE), 2022 WL 2354916, at *12 (S.D.N.Y. June 30, 2022); *see also Sussman v. Bank of Israel*, 56 F.3d 450, 457 (2d Cir. 1995) ("[W]e are skeptical that the commencement of a suit in an inconvenient forum may be the basis of Rule 11 sanctions where venue was not improper.").  Rather, for a complaint "filed in an inconvenient but proper forum" to be sanctionable, it must be clear that it was filed "*for an improper purpose*, such as harassment."

12

*China Healthways Inst., Inc. v. Hsin Ten Enter. USA, Inc.*, No. 02 Civ. 5493 (LGB) (JWJ), 2003 WL 21982477, at *7 (C.D. Cal. Mar. 12, 2003); *see also Black*, 2022 WL 2354916, at *13.  Here, the Court does not infer an "improper purpose" in Plaintiff's decision to voluntarily dismiss her Complaint and file identical claims in state court.  *Cf. S. Pac. Shipping Co. v. Redi-Fresh Produce Inc.*, No. 14 Civ. 4157 (LAK) (AJP), 2014 WL 6968039, at *10 (S.D.N.Y. Dec. 9, 2014).  This is not a case where, for example, Plaintiff's suit was clearly related to a previously filed, related action in another district.  *Cf. id.* (finding impermissible forum shopping and imposing sanctions where the plaintiff "initially filed this clearly related action in the EDNY, and withdrew it within a day of [Defendant]'s notice of relatedness to this Court" and then "filed a nearly identical complaint, based upon the same claim, before another (state) court").  Nor is this a case where substantial discovery has occurred, or where Plaintiff has filed and dismissed identical suits multiple times prior to filing the instant action.  *See Appel*, 2022 WL 214450, at *5.

Ultimately, this action lasted less than ten months. Over half of that time encompassed Plaintiff trying to effect service on Defendants (whose counsel only noticed an appearance more than five months after the Complaint was filed, Dkt. 25-26, despite admittedly being on notice of the suit from before its inception, Brown Declaration, Exh. C at 1).  In addition, no substantial discovery has occurred, and counsel for the Moving Defendants have only been required to submit two briefs (excluding the briefing for the present motion), one of which took them only several hours to write.  *See* Motion at 12.  This is not the type of hardship that warrants sanctions.  *See Appel*, 2022 WL 214450, at *5.  In light of these considerations, the Court would decline to exercise its discretion to impose sanctions, even if it were to find a Rule 11 violation.

**B. Rule 41(a)(2)**

The Court next addresses the Moving Defendants' request for a dismissal with costs under Federal Rule of Civil Procedure 41(a)(2).  Under Rule 41(a)(2), if a defendant has "serve[d] either an answer or a motion for summary judgment" so as to preclude voluntary dismissal by the plaintiff under Rule 41(a)(1)(A)(i), the Court may dismiss the action and impose fee awards as "terms that the court considers proper."  Fed. R. Civ. P. 41(a); *see Accurate Grading Quality Assur., Inc. v. KGK Jewelry, LLC*, No. 12 Civ. 1343 (KPF) (DF), 2014 WL 3302303, at *4 (S.D.N.Y. July 7, 2014) ("While '[f]ee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2),' the decision of whether to impose fees lies within the discretion of the district court." (alteration in original) (quoting *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985))).

Here, none of the Defendants filed an answer or motion for summary judgment prior to Plaintiff's notice of voluntary dismissal.  Accordingly, the Court lacks power to dismiss the case pursuant to Rule 41(a)(2).

The Moving Defendants try to circumvent this conclusion by arguing that the Motion to Compel "is *akin* to filing a motion for summary judgment" thus precluding a Rule 41(a)(1)(A)(i) dismissal.  Motion at 2 (emphasis added).  This argument is not persuasive.  While it is true that "[i]n the context of motions to compel arbitration . . ., the court applies a standard *similar* to that applicable for a motion for summary judgment," *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (emphasis added), mere similarity of standard of review is insufficient to implicate Rule 41(a)(1)(A)(i)'s clear and unambiguous limitation that a defendant "serve[] either an answer or motion for summary judgment."  *See Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987) (under Rule 41(a)(1)(A)(i), "[a] motion to compel arbitration and stay proceedings is not the equivalent of an answer or a motion for summary judgment."); *Merit Ins.*

14

*Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978) (same).  Nor is there any indication

in the text of Rule 41(a)(1)(A)(i) that its voluntary dismissal provision is invalidated by a motion

to compel arbitration.  *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 113 (2d Cir.

2012) ("As a textual matter, Rule 41(a)(1)(A)(i) . . . [was] drafted to preserve only a 'narrow slice'

of the expansive power that plaintiffs had at common law to dismiss unilaterally, . . . [and] allows

such dismissals only 'before the opposing party serves *either* an answer *or* a motion for summary

judgment.'" (emphasis in original) (first quoting *Cooter & Gell*, 496 U.S. at 397, then quoting Fed.

R. Civ. P. 41(a)(1)(A)(i))).  Accordingly, the Court denies the Moving Defendants' request for a

Rule 41(a)(2) dismissal.[4]

## C.  28 U.S.C. § 1927 and the Court's Inherent Power

Finally, the Court turns to the Moving Defendants' request for sanctions under 28 U.S.C.

§ 1927 and the Court's inherent power.  Under section 1927, a court may impose sanctions against

an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C.

§ 1927.  "[A]n award under § 1927 is proper when the attorney's actions are so completely without

merit as to require the conclusion that they must have been undertaken for some improper purpose

---

[4] As previously noted, the Moving Defendants withdrew their motion for sanctions
pursuant to Rule 41(d).  Reply at 8.  The Moving Defendants still, however, ask the Court to
"consider Rule 41(d)'s policy in addressing the appropriateness of other permissible sanctions,"
citing *Blauinsel Stiftung v. Sumitomo Corp.*, No. 99 Civ. 1108 (BSJ), 2001 WL 1602118 (S.D.N.Y.
Dec. 14, 2001).  Reply at 8.  In that case, the Court awarded fees and costs pursuant to Rule 37
and its equitable powers.  *Blauinsel Stiftung*, 2001 WL 1602118, at *6.  True, the plaintiff in that
case noticed a voluntary dismissal and then immediately filed in state court, and the court found
that sanctions were appropriate, noting that "had Plaintiff refiled its complaint in federal court
rather than in state court, Defendants immediately would have been eligible for costs and fees"
pursuant to Rule 41(d).  *Id.* at *9.  That case, however, involved far more egregious conduct.
There, the plaintiff's counsel made multiple misrepresentations to the court and "admitted [that
the] purpose in voluntarily dismissing the suit was to avoid" multiple court orders.  *Id.* at *8-9
("[S]anctions are especially warranted in this case given the purposeful and prejudicial manner in
which Plaintiff and [counsel] violated the Court's Orders").  Plaintiff's conduct here was far less
egregious and did not involve misrepresentations to the Court itself.

such as delay." *Wood v. Brosse U.S.A., Inc.*, 149 F.R.D. 44, 49 (S.D.N.Y. 1993) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)).

Courts also have the "inherent power" to sanction "the offending party and [her] attorney when it determines a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997) (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir.1985)).  Such inherent power to sanction "derives from the fact that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Schlaifer Nance & Co.*, 194 F.3d at 336 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  "The Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting *Chambers*, 501 U.S. at 44).

To impose sanctions under either section 1927 or the court's inherent authority, a district court must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co.*, 194 F.3d at 336; *accord Oliveri*, 803 F.2d at 1273 (2d Cir. 1986) (explaining that there is no "meaningful difference" between the standards for imposing sanctions under section 1927 and the Court's inherent authority).  "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).  Even where the standard is met, "[t]he Court has discretion to decide whether to impose sanctions under 28 U.S.C. § 1927 and its inherent authority." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 634 (S.D.N.Y. 2016), *aff'd*, 683 Fed. Appx. 33 (2d Cir. 2017); *see also Arclightz*

*& Films Pvt. Ltd. v. Video Palace, Inc.*, No. 01 Civ. 10135 (SAS), 2003 WL 22434153, at \*7 (S.D.N.Y. Oct. 24, 2003) (finding that "§ 1927 by its terms ('*may* be required') confides an award of fees against counsel to the Court's discretion").  In exercising its discretion, the Court "must take into account the financial circumstances of the plaintiff." *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992).

"[A] claim is colorable 'when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.'" *Schlaifer Nance & Co.*, 194 F.3d at 337 (quoting *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980) (per curiam)).  The relevant inquiry is whether a reasonable attorney and a reasonable plaintiff "could have concluded that facts supporting the claim *might be established*, not whether such facts actually *had been established*." *Id.* (emphasis in original) (quoting *Nemeroff*, 620 F.2d at 348).  An action is taken in bad faith when it is "motivated by improper purposes such as harassment or delay." *Id.* at 336.  "[B]ad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Oliveri*, 803 F.2d at 1272 (alteration in original) (internal quotation marks omitted) (quoting *Hall v. Cole*, 412 U.S. 1, 15, (1973)).  While "[b]ad faith can be inferred when the actions taken are 'so completely without merit  as to require the conclusion that they must have been undertaken for some improper purpose," *Schlaifer Nance & Co.*, 194 F.3d at 338 (quoting *New York v. Operation Rescue Nat'l*, 80 F.3d 64, 72 (2d Cir. 1996)), the Second Circuit has declined to hold "that a frivolous position may be equated with an improper purpose" as "[s]uch a simple equation would turn the two-part standard into a one-part standard." *Sierra Club*, 776 F.2d at 391; *see also Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000) (reversing award of sanctions where "the Court's conclusory determination that [the plaintiff's] motion was filed in bad faith rested almost entirely on its lack of merit").  The Second Circuit has "interpreted the bad faith

standard restrictively . . . '[t]o ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims.'" *Eisemann*, 204 F.3d at 396 (second ellipsis in original) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)).

Here, the Court declines to award the Moving Defendants sanctions under section 1927 or its inherent power. While courts have "the legal authority to award [attorneys'] fees where the party refusing arbitration acted without justification or did not have a reasonable chance to prevail," *Sands Bros. & Co., Ltd. v. Nasser*, No. 03 Civ. 8128 (BSJ), 2004 WL 26550, at *3 (S.D.N.Y. Jan. 5, 2004) (internal quotation marks omitted), the Moving Defendants have not made this showing nor presented clear evidence of Plaintiff's bad faith. As discussed at *supra* II.A.2.a, the Second Circuit has yet to decide whether the FAA preempts, in the circumstances presented here, N.Y. C.P.L.R. section 7515's invalidation of mandatory arbitration causes for claims of sexual harassment discrimination. Even if Plaintiff's arguments ultimately would have failed to persuade this Court or others, they are not sufficiently frivolous to justify an inference of bad faith given that the issue remains an open question of law in this Circuit.

Moreover, the Moving Defendants' conclusory statements suggesting that Plaintiff has "engaged in bad faith and vexatious conduct" by setting forth "[untrue] legal and factual propositions" and other "misrepresentations" are unpersuasive as no factual showing has been made to support such as an inference. Motion at 21-22; *see Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 38 (2d Cir. 1995) ("[T]he court's factual findings of bad faith must be characterized by 'a high degree of specificity.'" (quoting *Oliveri*, 803 F.2d at 1272)). Lastly, the Court declines to consider the fact that DSLG has been sanctioned by previous courts, as urged by the Moving Defendants. *See* Motion at 13. None of the cases cited by the Moving Defendants

involved Plaintiff's attorney-of-record in this case, nor did those cases concern claims or a posture analogous to those presented here.  Accordingly, the Court declines to impose sanctions pursuant to section 1927 or its inherent power.

## III.    Conclusion

For the foregoing reasons, the Moving Defendants' motion for sanctions is denied.  The Clerk of Court is respectfully directed to close the motion pending on Docket 59.

SO ORDERED.

Dated: September 30, 2022
      New York, New York

                                       JOHN P. CRONAN
                            United States District Judge